UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

---

RIVERS BEND RV RESORT  
AND CAMPGROUND, a Michigan  
Limited Liability Company,

    Plaintiff,

-vs-

SPECTRUM MID-AMERICA, LLC,

    Defendant.

_____/

Case No.:

HON.

ERRICK A. MILES (P78757)  
SMITH BOVILL, P.C.  
*Attorneys for Plaintiff*  
200 St. Andrews Rd.  
Saginaw, MI 48638  
(989) 792-9641  
emiles@smithbovill.com

_____/

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

*There is no civil action between these parties pending in this court arising out of the same transaction or occurrence as alleged in this Complaint, nor has any action been previously filed and dismissed or transferred after having been assigned to a judge.*
/s/ *Errick A. Miles*

NOW COMES Plaintiff, RIVERS BEND RV RESORT AND CAMPGROUND, LLC, by and through its attorneys, SMITH BOVILL, P.C., and for its Complaint against the above-named Defendant states as follows:

## PARTIES

1. Plaintiff, RIVERS BEND RV RESORT AND CAMPGROUND, LLC (hereinafter "RIVERS BEND"), is a Michigan Limited Liability Company. RIVERS BEND owns and operates, among other things, an RV resort and campground located in Iron Mountain, Dickinson County, Michigan.

2. Defendant, SPECTRUM MID-AMERICA, LLC (hereinafter "SPECTRUM"), is a Delaware Limited Liability Company with its registered mailing address in Michigan as 3410 Belle Chase Way, Ste. 600, Lansing, MI 48911.

## JURISDICTION AND VENUE

3. This Honorable Court has jurisdiction over this matter based upon diversity of citizenship pursuant to 28 USC 1332(a).

4. This Honorable Court has subject matter jurisdiction pursuant to 28 USC 1331.

5. This Honorable Court also has subject matter jurisdiction pursuant to 28 USC 1337, as this matter involves claims arising under Acts of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

6. Venue is proper in this Honorable Court pursuant to 28 USC 1391(b)(1) as Defendant is subject to this Honorable Court's personal jurisdiction with respect to this cause of action, pursuant to 28 USC 1391(c)(2).

7. Venue is also proper in this Honorable Court pursuant to 15 USC 22 as Defendant transacts business in this district.

8. The amount in controversy is in excess of $75,000.00, exclusive of interest, costs and attorney fees.

## GENERAL ALLEGATIONS

9. Plaintiff is a licensed Site RV Resort and Campground with 130 sites.

10. Plaintiff is physically located in a very rural area in northern Michigan where options for cable, internet and telephone services are very limited.

11. Many of Plaintiff's guests are "seasonal" guests, meaning they return year after year.

12. For approximately the last 15 years, Plaintiff utilized the services offered by Defendant for its commercial cable, internet and/or telephone needs.

13. At all times pertinent hereto, Plaintiff offered cable and internet access free-of-charge to its guests—such services also being provided by Defendant.

14. Plaintiff's guests had the option to pay for their own services through Defendant, which many of the seasonal guests did in fact do, for better cable options/packages and/or faster internet.

15. Plaintiff recently terminated its commercial contract(s) with Defendant for cable, internet and telephone services due to very poor service. Plaintiff thereafter opted to receive these services through a competitor of Defendant, i.e., Verizon Wireless.

16. After terminating its commercial agreements for services with Defendant, Plaintiff learned that Defendant, out of retaliation, began refusing to provide services to Plaintiff's guests.

17. Specifically, at least eight (8) seasonal guests that were already utilizing Defendant's services were "dropped" as customers by Defendant or refused new services by Defendant.

18. Many more guests of Plaintiff had inquired about paying for their own services through Defendant, however, those guests are also now unable to obtain services through Defendant.

19. The only way Plaintiff's guests can obtain Defendant's services now is if Plaintiff reengages the services of Defendant and drops Verizon Wireless (Defendant's competitor) as its services provider.

20. It is patently clear that Defendant's refusal to provide Plaintiff's guests with services is strictly retaliatory in nature rather than due to some legitimate business concern, hardship or limitation.

21. Defendant's refusal to provide the above-referenced services to Plaintiff's guests is an attempt to "strong arm" Plaintiff into returning to Defendant as its commercial cable, internet and telephone provider.

22. Defendant is attempting to utilize its size, market share and power to cause as much discord between Plaintiff and Plaintiff's guests as possible so that Plaintiff will reengage Defendant's services.

## COUNT I: VIOLATIONS OF THE SHERMAN ACT

23. Plaintiff herein adopts and incorporates by reference each and every preceding paragraph as though stated herein in their entirety.

24. The purpose of The Sherman Act (15 USC 1, *et seq*.) is not to protect businesses from the working of the market, but rather to protect the public from the failure of the market; the Act directs itself not against conduct that is competitive, even severely so, but rather against conduct that unfairly tends to destroy competition itself; the Act does so not out of solicitude for private concerns, but out of concern for the public interest.[1]

25. Section 2 of The Sherman Act makes it unlawful for any person or company to hold a monopoly or attempt to monopolize any part of the trade or commerce of the several States.

---

[1] *Spectrum Sports, Inc v McQuillan,* 506, US 447, 113 S. Ct. 884, 122 L. Ed. 2d 247 (1993).

26. By Defendant refusing to service Plaintiff's guests, due to Plaintiff opting for the services of one of Defendant's competitors, Defendant committed an overt act that demonstrates an intent to monopolize.

27. Due to Plaintiff's remote location, there is a failure of the market regarding cable, internet and telephone services available.

28. Defendant's refusal to service Plaintiff's guests, unless Plaintiff also pays for such services, is an unlawful attempt to *browbeat* Plaintiff into dropping Verizon Wireless as its services provider and reengaging the services of Defendant.

29. Defendant's conduct is predatory and/or anticompetitive, that was pursued with the specific intent to control prices in the market or destroy competition in the market.[2]

30. If permitted to continue, there is a dangerous probability that the Defendant will achieve a monopoly or monopoly power.

31. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered damages, which include, but are not limited to, the following:

    a. Loss of goodwill with guests;

    b. Harm to professional reputation;

    c. Out-of-pocket costs and expenses;

---

[2] Specific intent can be *inferred* when predatory or anticompetitive conduct is shown. *Foremost International Tours, Inc. v Qantas Airways, Ltd.* (1979, DC Hawaii) 478 F Supp 589.

    d. Attorney fees; and,

    e. Other such damages as may be revealed by way of discovery.

32. Plaintiff is entitled to treble damages, recoupment of litigation costs and reasonable attorney fees pursuant to 15 USC 15(a).

## COUNT II: VIOLATIONS OF THE CLAYTON ACT

33. Plaintiff herein adopts and incorporates by reference each and every preceding paragraph as though stated herein in their entirety.

34. The Clayton Act, 15 USC 1, et seq., allows for a sweeping cause of action to be filed for legal and equitable relief when a Defendant commits a violation of antitrust laws.

35. Section 4 of the Clayton Act provides, in pertinent part, that *"…any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States …, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."*

36. The Sherman Act cited above falls under the gambit of the Clayton Act as the Sherman Act is an "antitrust law" as defined in 15 USC 12(a).

37. Defendant's acts described above violate the antitrust laws of the United States and, as such, Plaintiff is entitled to relief under the Clayton Act.

38. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered damages, which include, but are not limited to, the following:

   a. Loss of goodwill with guests;

   b. Harm to professional reputation;

   c. Out-of-pocket costs and expenses;

   d. Attorney fees; and,

   e. Other such damages as may be revealed by way of discovery.

39. Plaintiff is entitled to treble damages, recoupment of litigation costs and reasonable attorney fees pursuant to 15 USC 15(a).

**COUNT III: VIOLATIONS OF MICHIGAN'S ANTITRUST REFORM ACT**

40. Plaintiff herein adopts and incorporates by reference each and every preceding paragraph as though stated herein in their entirety.

41. Michigan's Antitrust Reform Act ("MARA") provides, in pertinent part, as follows: *"The establishment, maintenance, or use of a monopoly, or any attempt to establish a monopoly, of trade or commerce in a relevant market by any person, for the purpose of excluding or limiting competition or controlling, fixing, or maintaining prices, is unlawful."* MCL 445.773.

42. Defendant's acts noted *supra* violate MARA because they were performed to establish, maintain or use a monopoly in trade or commerce for the

purpose of excluding or limiting competition or controlling, fixing or maintaining prices.

43. Alternatively, Defendant's acts noted *supra* violate MARA because they were performed in an attempt to establish, maintain or use a monopoly in trade or commerce for the purpose of excluding or limiting competition or controlling, fixing or maintaining prices.

44. MCL 445.778(2) permits anyone that is injured or threatened to be injured due to violations of the MARA to file suit for injunctive or other equitable relief, actual damages, interest, taxable costs and reasonable attorney fees.

45. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered damages, which include, but are not limited to, the following:

    a. Loss of goodwill with guests;

    b. Harm to professional reputation;

    c. Out-of-pocket costs and expenses;

    d. Attorney fees; and,

    e. Other such damages as may be revealed by way of discovery.

46. MCL 445.778(2) also permits treble damages if the Defendant's violations of the MARA are found to have been "flagrant" by the trier of fact.

WHEREFORE, in light of the above, Plaintiff respectfully requests that this Honorable Court enter a Judgment in favor of Plaintiff in an amount the Court deems

equitable and just under the circumstances, plus treble damages, interest, attorney fees and costs, and any such further relief as the Court deems appropriate.

                                            Respectfully submitted,

                                            SMITH BOVILL, P.C.

*June 19, 2023*  
Date: _____  

                                            */s/ Errick A. Miles*  
                                            _____  
                                            ERRICK A. MILES (P78757)  
                                            Attorneys for Plaintiff  
                                            200 St. Andrews Rd.  
                                            Saginaw, MI 48638  
                                            (989) 792-9641  
                                            *emiles@smithbovill.com*

## JURY DEMAND

NOW COMES Plaintiff, RIVERS BEND RV RESORT AND CAMPGROUND, LLC, by and through its attorneys, SMITH BOVILL, P.C., and hereby demands a trial by jury in the above cause.

                                            Respectfully submitted,  
                                            SMITH BOVILL, P.C.

*June 19, 2023*  
Date: _____  

                                            */s/ Errick A. Miles*  
                                            _____  
                                            ERRICK A. MILES (P78757)  
                                            Attorneys for Plaintiff  
                                            200 St. Andrews Rd.  
                                            Saginaw, MI 48638  
                                            (989) 792-9641  
                                            *emiles@smithbovill.com*