UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RIVERS BEND RV
RESORT & CAMPGROUND, LLC,

       Plaintiff,                                Case No. 1:23-cv-11438

v.                                             Honorable Thomas L. Ludington
                                                     United States District Judge

SPECTRUM MID-AMERICA, LLC,

       Defendant.
_____/

**ORDER TRANSFERRING CASE TO UNITED STATES DISTRICT COURT FOR WESTERN DISTRICT OF MICHIGAN**

In this antitrust case, a campground is suing a provider of cable, internet, and telephone service for unfair competition, alleging the provider retaliated with harmful intent by refusing services to the campground's guests after it terminated a contract with the provider. ECF No. 1.

The determination of the proper venue for a civil action in federal court is generally governed by 28 U.S.C. § 1391. Relevant here, § 1391 provides that a civil action may be brought in a judicial district in which (1) any defendant resides or (2) a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). If venue is improper in the district where a case was filed but would be proper in another district, then "a district court has the power to sua sponte transfer [the] case" "to a court that has personal jurisdiction over Defendants pursuant to 28 U.S.C. §§ 1406(a) or 1631." *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012) (unpublished) (collecting cases).

According to the complaint, venue is not proper here. The plaintiff is a Michigan LLC with its principal place of business in Dickinson County, ECF No. 1 at PageID.2, which is in the Southern Division of the Western District of Michigan, 28 U.S.C. § 102(b)(2). Similarly, the

defendant is a Delaware LLC with its principal place of business in Ingham County, ECF No. 1 at PageID.2, which is in the Northern Division of the Western District of Michigan, 28 U.S.C. § 102(b)(1). And the locations of the alleged events underlying the complaint are not specified. *See* 28 U.S.C. § 1391(b)(2). *See generally* ECF No. 1. Although the complaint alleges that the defendant "transacts business in this district," ECF No. 1 at PageID.3, such "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice," *Eidson v. Tenn. Dep't of Child.'s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (first citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); and then citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Because there is no apparent basis for venue in this district, and the allegations in the complaint suggest venue is proper in the Western District, this Court finds that the interests of justice would be served by transferring the case there: where it should have been filed initially. 28 U.S.C. § 1406(a).

Accordingly, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to transfer the above-captioned case to the United States District Court for the Western District of Michigan under 28 U.S.C. §1406(a).

Dated: June 20, 2023                               s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge